IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 07-cv-00349-LTB

SHAUNA R. DUCHARME,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL INC., a Delaware Corporation,

    Defendant.
_____

**ORDER**
_____

    This personal injury case is before me on Defendant, Marriott International, Inc.'s ("Marriott"), Motion for Summary Judgment [**Docket # 40**] and supporting Brief [**Docket # 41**], Plaintiff, Shauna Ducharme's, Brief in Response [**Docket # 46**], and Defendant's Reply [**Docket # 47**]. Oral arguments would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Marriott's Motion for Summary Judgment [**Docket # 40**].

### I. BACKGROUND

    The following fact—and apparently only the following fact—is not disputed. On September 27, 2005, Plaintiff notified the staff of Denver Marriott Tech Center ("the Hotel") that she had tripped over a raised concrete slab on the sidewalk in front of the Hotel. Plaintiff claims she tripped over a slab of sidewalk that had an elevation at least 3/4 of an inch higher than the adjoining slab.

Plaintiff originally filed suit in Denver County District Court on January 9, 2007, claiming her injuries were the direct, proximate, and foreseeable result of Marriott's negligence in failing to reasonably protect her—as an "invitee" under COLO. REV. STAT. § 13-21-115—from the dangerous sidewalk condition of which Marriott either knew or should have known [**Docket # 1-2**]. This case was removed to this Court on February 16, 2007, on the basis of diversity jurisdiction [**Docket # 1**]. Plaintiff is a Colorado citizen; Marriott is a corporation organized under the laws of Delaware with a principle place of business in Maryland. It is not disputed that the amount in controversy exceeds $75,000.

## II. STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not proper if—viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for the non-moving party. *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra*, 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)). If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material

fact to be determined. *Celotex*, *supra*, 477 U.S. at 322. It is not enough that the evidence be merely colorable; the non-moving party must come forward with specific facts showing a genuine issue for trial. *See id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I shall grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); FED. R. CIV. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby*, *supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id*. Accordingly, in this personal injury case, Plaintiff must show material facts in dispute by a preponderance of the evidence in order to defeat Marriott's motion for summary judgment. Plaintiff meets this burden if she sets forth evidence that—if believed by the ultimate factfinder—makes it more likely than not that Marriott failed to exercise reasonable care to protect Plaintiff against dangers of which Marriott actually knew or should have known. *See* COLO REV. STAT. § 13-21-115.

### III. DISCUSSION

A federal court sitting in diversity applies the substantive law of the forum state. *See Mincin v. Vail Holdings, Inc.*, 308 F.3d 1105, 1108 (10th Cir. 2002). Since Plaintiff's alleged

3

injury occurred on Marriott's property, this is an "action against a landowner" under COLO REV. STAT. § 13-21-115. *See Vigil v. Franklin*, 103 P.3d 322, 325 (Colo. 2004). As such, I must consider Colorado's premises liability statute—COLO REV. STAT. § 13-21-115—to determine whether Marriott owed Plaintiff a legal duty. *See id.*

The Colorado Supreme Court is the final authority on Colorado law. *See Fid. Union Trust Co. v. Field*, 311 U.S. 169, 177–78 (1940). When I am called upon to interpret Colorado law, therefore, I must first look to rulings of the Colorado Supreme Court. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 899 (10th Cir. 2006). If no applicable rulings exist, I must endeavor to predict how the Colorado Supreme Court would rule. *Id.* In such circumstances, I must follow any intermediate state court decision unless other authority demonstrates the Colorado Supreme Court would decide otherwise. *Daitom, Inc. v. Pennwalt Corp.*, 741 F.2d 1569, 1574 (10th Cir. 1984). The policies underlying the applicable legal doctrines, the doctrinal trends indicated by these policies, and the decisions of other courts may also inform my analysis. *Id.* at 1574–75.

The Colorado Supreme Court holds that the premises liability statute is the exclusive remedy available for parties injured on the property of another and completely abrogates any common law tort duties controlling premises liability prior to the statute's passage. *See Vigil*, *supra*, 103 P.3d at 328–29. Under the premises liability statute, persons injured on the property of another are initially classified as trespassers, licensees, or invitees. A "licensee" means "a person who enters and remains on the land of another for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent. COLO REV. STAT. § 13-21-115(5)(b). An "invitee" means "a person who enters or remains on the land of another

4

to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain." COLO REV. STAT. § 13-21-115(5)(a).

Although the parties do not argue whether Plaintiff is properly characterized as a "licensee" or "invitee," Plaintiff is assumed to be an invitee by Marriott for purposes of this summary judgment motion. While I do not detour from this characterization for purposes of this motion, I note that Colorado law distinguishes between hotel guests—who are invitees *per se*—and mere visitors—who may be invitees or licensees, depending in the circumstances. *See*, *e.g.*, *Wright v. Vail Run Resort Cmty. Ass'n, Inc.*, 917 P.2d 364 (Colo. Ct. App. 1996); *Lakeview Assoc., Ltd. v. Maes*, 907 P.2d 580 (Colo. 1985); *Hooker v. Routt Realty Co.*, 76 P.2d 431 (Colo. 1938).

In order to find Marriott liable under the premises liability statute, Plaintiff must first point to specific facts showing Marriott actually knew or should have known of the allegedly dangerous sidewalk and must then show Marriott failed to exercise reasonable care to protect against such danger. *See Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1461 (D. Colo. 1997)*; Castillo v. Chief Alternative, LLC*, 140 P.3d 234, 238 (Colo. Ct. App. 2006). As the moving party, Marriott has the initial burden of showing the absence of any question of material fact as to either of these two issues. *See Sofford*, 954 F. Supp. at 1461–62. Marriott meets this burden by providing the deposition testimony of Michael Monroe, the Hotel's Director of Engineering, that all employees of Marriott are instructed to look for and report hazards, that the Hotel's premises are inspected visually for at least 30 minutes each day, that he personally walks the grounds and sidewalks frequently to inspect for hazards, and that no injury or other evidence

of a hazardous condition in the vicinity of Plaintiff's alleged injury was ever reported. *See id.*; *Casey v. Christie Lodge Owners Ass'n, Inc.*, 923 P.2d 365, 366–67 (Colo. Ct. App. 1996).

As Marriott has satisfied its initial burden of production on the issue of whether it knew or should have known of a danger relating to the sidewalk elevation, the burden shifts to Plaintiff to establish a genuine issue of material fact as to this issue. *See Sofford*, *supra*, 954 F. Supp. at 1461; *Castillo, supra*, 140 P.3d at 238. Plaintiff does not meet her burden. Plaintiff's proffered evidence that Marriott knew or should have known of the allegedly dangerous sidewalk condition is limited to evidence of the existence of the disputed 3/4 inch deviation. Plaintiff's expert, Timothy Green, claims in his report to have measured the sidewalk where Plaintiff allegedly tripped and found the deviation to be 3/4 of an inch [**Docket # 46-2**]. Green opines that such a deviation makes the sidewalk hazardous or defective under Denver Municipal Code. Green does not, however, opine on whether Marriott actually knew or should have known the condition existed, other than noting such a hazard would be "difficult to visually identify."

To the extent Plaintiff—invoking an apparent negligence *per se* rationale—claims Marriott "should have known" the sidewalk was hazardous because the alleged 3/4 inch deviation violated Denver Municipal Code, such a rationale has been previously rejected by the Colorado Court of Appeals. *See Lombard v. Colorado Outdoor Educ. Ctr., Inc.*, 179 P.3d 16, 22 (Colo. Ct. App. 2007). Because the Colorado Supreme Court has not ruled on the issue, I must follow the rulings of the Colorado Court of Appeals unless other authority demonstrates the Colorado Supreme Court would decide otherwise. *Daitom, supra*, 741 F.2d at 1574. Such authority is not present here.

The *Lombard* opinion notes that the purpose of COLO. REV. STAT. § 13-21-115 "was to 'protect landowners from liability in some circumstances when they were not protected at common law'" and that "at a minimum 'should have known' provides the same, if not higher, protection to landowners" as would have existed under prior common law classifications. *See Lombard*, *supra*, 179 P.3d at 21 (quoting COLO. REV. STAT. § 13-21-115(1.5)(e)). Under the "actually knew or should have known" standard, therefore, the appropriate inquiry is one of objective reasonableness—not the "constructive notice" inquiry that attaches to a negligence *per se* analysis. *See Lombard*, 179 P.3d at 21. Knowledge that a building code has been violated "should not be presumed, and it would be sophistry to conclude that landowners in general know or should know that the conditions occasioned by a violation of them would constitute a dangerous condition." *See id*. at 22.

The *Lombard* court properly noted that knowledge that a particular condition may be dangerous does not equate to the knowledge required by the premises liability statute—namely, knowledge that the dangerous condition was present on the premises. *See Lombard*, *supra*, 179 P.3d at 22; *see also McIntire v. Trammell Crow, Inc.*, 172 P.3d 977, 980 (Colo. Ct. App. 2007) (holding that even when the dangerousness of a condition is undisputed, summary judgment is nonetheless appropriate if there is no evidence the property owner knew or should have known of the dangerous condition). Like the Colorado Court of Appeals, therefore, I conclude that the requirement that the premises owner "actually knew or should have known" of a dangerous condition on his property cannot be met merely by showing the allegedly dangerous condition would have violated a building code. *See Lombard*, 179 P.3d at 22 ("Therefore, we conclude that the trial court did not err in granting summary judgment on plaintiffs' premises liability

7

claim based on the contention that violation of the building code established negligence *per se*."); *McIntire*, 172 P.3d at 980 (holding the premises liability statute only gives rise to liability if the owner actually knew or should have known of the specific dangerous condition).

To the extent Plaintiff argues the *Lombard* decision contradicts the Colorado Supreme Court's opinion in *Springer v. City and County of Denver*, 13 P.3d 794 (Colo. 2000), I find Plaintiff's arguments unpersuasive. The facts of *Springer*—wherein the City of Denver installed a threshold plate at a height approximately twice that called for in the building plans and failed to correct the height for over four years—do not lend themselves to the case at bar wherein the alleged code violation occurred gradually over time. *See* Response of Timothy Green [Docket # 46-2]. Thus, *Springer* did not examine whether—in light of the lack of any evidence that such a violation could reasonably be discovered—a building code violation was *per se* sufficient to find a landowner "actually knew or should have known" a dangerous condition existed on his property. In cases where gradually-occurring building code violations could not have been discovered upon reasonable inspection of the premises, a rule that implies knowledge merely due to such violation would resemble strict liability for premises owners in such circumstances—a far cry from the "same, if not higher, protection to landowners" intended by the premises liability statute. *Cf. Lombard*, *supra*, 179 P.3d at 21 ("Cases from other jurisdictions decline to apply negligence *per se* to building code violations because some such defects cannot be discovered upon a reasonable inspection of the premises.").

## IV.  CONCLUSION

Accordingly, Marriott's Motion for Summary Judgment [**Docket # 40**] is GRANTED.


Dated: May   29  , 2008.

                                BY THE COURT:


                                   s/Lewis T. Babcock
                                Lewis T. Babcock, Judge